IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARGARET M. DOWD, *et al.*, | : | Case Number: 1:09cv846 |
| Plaintiffs, | : | Chief Judge Susan J. Dlott |
| v. | : | ORDER TRANSFERRING CASE |
| CHARLES R. PLAYER, *et al.*, | : | |
| Defendants. | : | |

Before the Court are Defendant Player's motion to dismiss or transfer venue (doc. 14) and Defendant Sturm's motion to dismiss (doc. 18). For the following reasons, the motions to dismiss are **DENIED** and the motion to transfer venue is **GRANTED**.

**BACKGROUND**

Federal jurisdiction over this breach of fiduciary duty case is founded on diversity of citizenship. Both Defendants are residents of Maryland; two Plaintiffs are residents of Ohio, two are residents of California, and the other a resident of New York. Plaintiffs are the daughters and grandchildren of Thomas and Mary Dowd, both deceased, and are beneficiaries of Mary Dowd's estate. Defendants are Charles Player and Rex Sturm, the trustees of all trusts created under the will of Thomas Dowd, namely, the "Marital Trust" and "Credit Shelter Trust." Defendant Player also was co-executor of Thomas Dowd's estate and, in that role, he filed the estate tax return for Thomas Dowd's estate.

Thomas Dowd died in 1986. The maximum amount which Thomas' estate could shelter from federal estate taxation under IRS Code Sections 2010 and 2011 at that time was $642,424. Therefore, Plaintiffs allege, Defendant Player was required to fund the Credit Shelter Trust with assets equal to $642,424. However, Defendant Player elected to treat all the property in Thomas

1

Dowd's gross estate as qualified terminable interest property, which had the effect of overfunding the "Marital Trust" and underfunding the "Credit Shelter Trust." Because of this allegedly improper funding of the trusts, the Estate of Mary Dowd has incurred increased estate tax liability.

Plaintiffs further allege that Defendants, who also were trustees of Mary Dowd's Irrevocable Life Insurance Trust ("ILIT"), improperly allowed the life insurance policies that funded the ILIT trust to lapse. Plaintiffs allege that these acts by the Defendants constitute a breach of fiduciary duty, negligence, and breach of duty of loyalty resulting in financial losses to Plaintiffs.

Both Defendants individually move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; and Defendant Player additionally moves to dismiss the Complaint under Rule 12(b)(3) for improper venue. In the alternative, Defendant Player requests that the Court transfer the case to the District of Maryland.

**DISCUSSION**

Because resolution of the venue issue also resolves the jurisdictional issue, the Court's analysis begins and ends with venue. The statute governing venue in the federal district courts provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Plaintiffs do not dispute that the action could have been brought in the District of

Maryland. However, they argue that venue also is appropriate in the Southern District of Ohio because "a substantial part of the events or omissions giving rise to the claim occurred" there. Specifically, Plaintiffs state that Player's failure to properly fund the Credit Shelter Trust resulted in substantially increased tax liability for Mary Dowd's estate, located in Butler County, Ohio. Plaintiffs additionally state that Player's failure to properly manage and fund the ILIT resulted in harm to beneficiaries residing in Ohio.

Defendants respond that the focus of the venue statute is not where the alleged injury is felt, but where the "events or omissions . . . *occurred*." 28 U.S.C. § 1391 (a)(2) (emphasis added). Thus, even assuming all of Plaintiffs' allegations are true, the alleged events or omissions giving rise to the claim all occurred in Maryland, even if the results were felt by Plaintiffs in Ohio. The events or omissions giving rise to Plaintiffs' claim were done by Maryland residents who served, and serve, as trustees of a Maryland trust. All actions allegedly taken by Defendants occurred in Maryland, not Ohio. Plugging the alleged facts into the venue statute yields the following results: (1) all Defendants reside in Maryland; (2) a substantial part of the events or omissions giving rise to the claim did not occur in Ohio; and (3) the action could have been brought in Maryland. Accordingly, venue is not proper in the Southern District of Ohio.

Although the Court may dismiss an action for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court also may, if it be in the interest of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406. In this case, it is in the interests of justice to transfer the case rather than dismiss it.

First, it is questionable whether this Court has personal jurisdiction over Defendants, and a transfer would remedy that procedural hurdle. The Sixth Circuit has noted that the Supreme Court's decision in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), expressly included the lack

3

of personal jurisdiction as one of the procedural hurdles that can be remedied by a § 1406 transfer. *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 Fed. App'x 726, 739 (6th Cir. 2003). As stated by the D.C. Circuit, "[t]he Supreme Court has inferred a congressional purpose underlying section 1406(a) favoring the transfer of cases when procedural obstacles 'impede an expeditions and orderly adjudication . . . on the merits.'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293-4 (D.C. Cir. 1983) (quoting *Goldlawr*, 369 U.S. at 466-67); *see also Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("[Section] 1406 operates when there is an obstacle – either incorrect venue, absence of personal jurisdiction, or both – to a prompt adjudication on the merits in the forum where originally brought."). Transfer of this case to the District of Maryland will resolve the jurisdictional issue in this case and permit adjudication on the merits without further delay.

Second, there is no prejudice to Defendants in transferring the action. Defendants may raise any defenses or submit any motions in the transferee court which would have been proper in this Court. Additionally, because the alleged actions concern actions taken in Maryland and concern Maryland trusts, it may be easier to find witnesses and evidence pertaining to the claims in a Maryland venue.

Finally, a transfer is in the interests of justice as it appears that time may be of the essence. There is in this case a pending motion for a temporary restraining order and preliminary injunction. (Doc. 30.) In that motion, Plaintiffs move the Court to remove Defendants as trustees and appoint a successor trustee during the pendency of the litigation. Plaintiffs claim that this relief is necessary because Defendants have exercised control over and disposed of trust assets for the purpose of personal gain and not for the sole benefit of the beneficiaries. Transferring this case will allow more expeditious judicial consideration of the allegations set forth in the motion for immediate injunctive relief.

**CONCLUSION**

Having found that venue is improper in the Southern District of Ohio and that it is in the interests of justice to transfer the case to the District of Maryland, the Court hereby orders the case TRANSFERRED to the District of Maryland pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

   s/Susan J. Dlott   
Chief Judge Susan J. Dlott
United States District Court